UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JORY MERRITT, and all similarly situated employees, | ) ) Case No. _____ ) |
| Plaintiff, | ) **CLASS ACTION ALLEGATION** ) |
| v. | ) **COMPLAINT** ) |
| CASCADE CORPORATION, an Oregon corporation, | ) Unpaid Overtime Wages (29 USC §207) ) Liquidated Damages (29 USC §216(b)) ) Statutory Penalty (ORS 652.150) |
| Defendant. | ) ) |

Plaintiff alleges:

## GENERAL ALLEGATIONS

1.

At all material times herein, Defendant Cascade Corporation (hereinafter "Defendant") was and is a corporation, incorporated within the State of Oregon, and conducting regular and sustained business activity in Multnomah County, Oregon.

2.

At all material times herein, Defendant was an employer subject to the requirement of the Fair Labor Standards Act (FLSA), 29 USC §§201, et seq., to pay overtime premium pay to its non-exempt employees, for all hours worked over 40 in any

PAGE 1 – COMPLAINT

Brian A. Buchanan
*Attorney at Law*
Oregon Center for Employee Rights
PO Box 18671
Salem, OR  97305
Tel: (503) 581-4826
E-Mail: Brian@wageclaims.org

1  given workweek, at 1.5 times the employee's regular rate of pay, on or before the next

2  regular paydate for the pay period in which the overtime work was performed.

3                                          3.

4       At all material times herein, Plaintiff Jory Merritt (hereinafter "Plaintiff") was

5  employed by Defendant as a non-exempt machinery operator, from February 25, 2019

6  until voluntary resignation from employment, with two-weeks' prior notice to Defendant,

7  effective July 16, 2019.

8                                          4.

9       While employed by Defendant, Plaintiff was paid bi-monthly salary wages of

10  $1,667.50, together with shift-differential wages of $.94 per hour, for a combined regular

11  pay rate of $20.18 per hour.  Plaintiff's regular work compensation also included non-

12  discretionary monthly bonus wages ("Productivity Based Incentive"), with the amount

13  based on the productivity and safety of himself and his co-workers.

14                                         5.

15      While employed by Defendant, Plaintiff and all similarly situated employees were

16  at all times systematically underpaid their earned overtime premium wages, in violation

17  of the FLSA, because of Defendant's failure to include both shift-differential wages and

18  non-discretionary bonus wages when calculating the employees' regular rate of pay, on

19  which the overtime premium wage rate is based.

20

PAGE 2 – COMPLAINT

Brian A. Buchanan
*Attorney at Law*
Oregon Center for Employee Rights
PO Box 18671
Salem, OR  97305
Tel: (503) 581-4826
E-Mail: Brian@wageclaims.org

6.

While employed by Defendant, Plaintiff and all similarly situated employees were at all times systematically paid overtime premium wages late (after the next regular paydate for the pay period in which the overtime hours were worked), in violation of the FLSA.

\* \* \* \* \* \* \*

**GROUNDS FOR CLASS ACTION SUIT**

7.

Plaintiff brings this claim as a class action, pursuant to FRCP 23, on behalf of all similarly situated employees of Defendant.

8.

Similarly situated employees include all non-exempt employees, employed by Defendant during the last three years, who worked overtime hours and were paid less overtime premium wages than owed, because of Defendant's improper method of computing overtime premium wages without inclusion in the regular rate of pay, either shift differential wages or non-discretionary bonus wages earned by the employee.

///

///

///

///

PAGE 3 – COMPLAINT

Brian A. Buchanan
*Attorney at Law*
Oregon Center for Employee Rights
PO Box 18671
Salem, OR  97305
Tel: (503) 581-4826
E-Mail: Brian@wageclaims.org

1              9.

Similarly situated employees also include all non-exempt employees, employed by Defendant during the last three years, who worked overtime hours and were paid overtime premium wages late, one paydate after the regular paydate for the pay period in which the overtime hours were worked.

             10.

The members of the class are so numerous that joinder of all members is impracticable. Upon information and belief, the members of the class number at least 100, and possibly exceed 500.

             11.

The disposition of the plaintiffs' in a class action will provide substantial benefits to the parties, proposed class members, and the Court. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the class that predominate over questions that may affect individual class members include Defendant's systematic illegal payroll method ,which results in: (a) improper shortage of earned overtime premium wages for all class members; and (b) systematic illegal late payment of earned overtime premium wages for all class members.

///

///

PAGE 4 – COMPLAINT

Brian A. Buchanan
*Attorney at Law*
Oregon Center for Employee Rights
PO Box 18671
Salem, OR  97305
Tel: (503) 581-4826
E-Mail: Brian@wageclaims.org

12.

Plaintiff's claims are typical of those of the class. Plaintiff claims for the same unpaid overtime, and resulting liquidated damages from both the unpaid and late-paid overtime wages, as do all class members, resulting from Defendant's systematic and illegal methods of calculating and paying earned overtime wages.

13.

Plaintiff will adequately protect the interests of the class, has no conflicts of interest, and has retained legal counsel fully capable of representing the plaintiffs and the proposed class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

\*   \*   \*   \*   \*   \*   \*

**FIRST CLAIM FOR RELIEF**
**(Unpaid Overtime Wages – 29 USC §216(b))**

14.

Plaintiff is owed unpaid overtime premium wages, in the amount of $580.88, pursuant to 29 USC §207.

15.

Plaintiff is entitled to an award of reasonable attorney fees, pursuant to 29 USC §216(b).

16.

The Court has original jurisdiction over this claim, pursuant to USC §1331.

PAGE 5 – COMPLAINT

Brian A. Buchanan
*Attorney at Law*
Oregon Center for Employee Rights
PO Box 18671
Salem, OR  97305
Tel: (503) 581-4826
E-Mail: Brian@wageclaims.org

\* \* \* \* \* \* \*

**SECOND CLAIM FOR RELIEF**
**(Liquidated Damages – 29 USC §216(b))**

17.

Plaintiff is owed liquidated damages in an amount equal to all unpaid overtime wages, which amount is $580.88, pursuant to 29 USC §216(b).

18.

Plaintiff is owed liquidated damages in an amount equal to all late-paid overtime wages, which amount is $1,527.89, pursuant to 29 USC §216(b).

19.

Plaintiff is entitled to an award of reasonable attorney fees, pursuant to 29 USC §216(b).

20.

The Court has original jurisdiction over this claim, pursuant to USC §1331.

\* \* \* \* \* \* \*

///

///

///

///

///

///

PAGE 6 – COMPLAINT

Brian A. Buchanan
*Attorney at Law*
Oregon Center for Employee Rights
PO Box 18671
Salem, OR  97305
Tel: (503) 581-4826
E-Mail: Brian@wageclaims.org

**THIRD CLAIM FOR RELIEF**
**(Statutory Penalty – Late Payment of Final Wages - ORS 652.150)**

21.

Pursuant to ORS 652.140(2)(a), all earned wages were due to Plaintiff on July 16, 2019. Despite receipt of written notice of unpaid wages from Plaintiff on August 1, 2019, Defendant willfully failed to pay Plaintiff's final wages, in the amount of $48.54, until August 30, 2019.

22.

Plaintiff is entitled to statutory penalty wages in the amount of 30-days' pay, which is $10,605, together with prejudgment interest thereon at the legal rate of 9% per annum, from August 15, 2019 until final judgment is entered herein, pursuant to ORS 652.150, for Defendant's failure to pay plaintiff all earned wages in a timely manner following termination of employment as required by ORS 652.140.

23.

Plaintiff is entitled to an award of reasonable attorney fees pursuant to ORS 652.200(2).

24.

The Court has supplemental federal jurisdiction over this claim, pursuant to USC §1367(a).

///

///

PAGE 7 – COMPLAINT

Brian A. Buchanan
*Attorney at Law*
Oregon Center for Employee Rights
PO Box 18671
Salem, OR  97305
Tel: (503) 581-4826
E-Mail: Brian@wageclaims.org

\* \* \* \* \* \* \*

WHEREFORE, Plaintiff Jory Merritt hereby prays for a Judgment against Defendant Cascade Corporation, as follows:

**1. <u>First Claim for Relief (Unpaid Overtime Wages - 29 USC §207)</u>:**

For unpaid overtime wages in the amount of $580.88.

**2. <u>Second Claim for Relief (Liquidated Damages - 29 USC §216(b))</u>:**

(a) For liquidated damages in the amount of all unpaid overtime wages, which amount is $580.88, pursuant to 29 USC §216(b); and

(b) For liquidated damages in an amount equal to all late-paid overtime wages, which amount is $1,527.89, pursuant to 29 USC §216(b).

**3. <u>Third Claim for Relief (Statutory Penalty Wages – ORS 652.150)</u>:**

(a) For statutory penalty wages per ORS 652.150, in the amount of $10,605, together with prejudgment interest thereon at the legal rate of 9% per annum, from August 15, 2019 until final judgment is entered herein; and

(b) For reasonable attorney fees, pursuant to ORS 652.200(2).

**4.** For costs and disbursements incurred herein.

DATED this 22nd day of October, 2019.

                                        *Brian A. Buchanan*
                                        Brian A. Buchanan, OSB #922434
                                        Attorney for Plaintiff Jory Merritt

PAGE 8 – COMPLAINT

Brian A. Buchanan
*Attorney at Law*
Oregon Center for Employee Rights
PO Box 18671
Salem, OR  97305
Tel: (503) 581-4826
E-Mail: Brian@wageclaims.org