Thomas C. Sand, OSB No. 773322
tom.sand@millernash.com
Erin M. Burris, OSB No. 155379
erin.burris@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Phone:  503.224.5858
Facsimile:  503.224.0155

Attorneys for Defendant Cascade Corporation

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JORY MERRITT, on behalf of himself and all similarly situated employees,<br><br>         Plaintiff,<br><br>    v.<br><br>CASCADE CORPORATION, an Oregon corporation,<br><br>         Defendant. | Case No. 3:19-cv-01695-YY<br><br>DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST CLAIM FOR RELIEF<br><br>**ORAL ARGUMENT REQUESTED** |

**LR 7-1 CERTIFICATION**

The undersigned counsel for defendant, Cascade Corporation, hereby certify that they conferred with plaintiff's counsel in good faith by telephone regarding the subject of this motion, but the parties were unable to resolve the issues presented.

Page 1 -   Defendant's Motion to Dismiss Plaintiff's First Claim for Relief

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

# MOTION

Cascade moves the Court for an order dismissing plaintiff's First Claim for Relief in the First Amended Complaint in accordance with Fed R Civ P 12(b)(6) for failure to state a claim on which relief can be granted.

## I. INTRODUCTION

Plaintiff's claim for "late-paid" overtime wages and for liquidated damages under the Fair Labor Standards Act (the "FLSA") would result in a double payment on hours worked for which plaintiff admits that Cascade has already paid him in full.  Plaintiff asserts that Cascade's biweekly pay practice violates the FLSA, even though no authority supports plaintiff's theory.  Accordingly, plaintiff's First Claim for Relief[1] fails because his allegations are insufficient to state a claim under the FLSA.  After all, plaintiff admits that Cascade established a regular payday for overtime wages and systematically pays its employees all overtime earned on that payday, which is all that the FLSA requires.

## II. FACTUAL BACKGROUND

Cascade manufactures forklift attachments and related equipment at its headquarters in Fairview, Oregon.  Plaintiff worked at Cascade for less than five months as a machinery operator.  Am. Compl., ¶ 3.  He voluntarily resigned effective July 16, 2019.  *Id*.  Plaintiff has been paid all compensation he earned, but now seeks penalties for allegedly "late-paid" overtime.  Am. Compl., ¶¶ 5, 11.

---

[1] Plaintiff also asserted a claim against Cascade under ORS 652.140 concerning final wages upon termination, and Cascade does not seek dismissal of this claim.

Page 2 -    Defendant's Motion to Dismiss Plaintiff's First Claim for Relief

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Cascade has established two semimonthly pay periods for purposes of recording and paying regular pay and for recording and paying overtime pay—from the 1st to the 15th is the first pay period and from the 16th through the last day of the month is the second pay period. *See* Declaration of Erin Burris in Support of Motion to Dismiss Plaintiff's First Claim for Relief ("Burris Decl."), Ex. 1, at 3[2]; Am. Compl., ¶ 5.

For regular pay, Cascade pays employees on the final day of pay period in which the regular hours are worked. Burris Decl., Ex. 1, at 3; Am. Compl. ¶ 5. In other words, Cascade pays employees for regular hours worked from the 1st to the 15th on the 15th, and hours worked from the 16th through the end of the month on the last day of the month. Burris Decl., Ex. 1, at 3; Am. Compl. ¶ 5.

Cascade established a different regular payday for overtime pay. For overtime hours, Cascade pays employees on the final day of the pay period following the pay period in which it is worked, as that is the first pay date occurring after the pay period when overtime pay can be determined. Burris Decl., Ex. 1, at 3; Am. Compl. ¶ 5.

## III.   LEGAL STANDARDS

### A.   Motion to dismiss.

A court must dismiss a plaintiff's claim when (1) there is no cognizable legal theory to support the claim or (2) the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F3d 1035, 1041 (9th Cir 2010). Although a court must accept as true all well-pleaded material facts alleged

---

[2] Cascade's USA Employee Handbook was incorporated by reference in plaintiff's first amended complaint, and Cascade offers a relevant excerpt as an exhibit for this Court's reference. *See, e.g.*, *Knievel v. ESPN*, 393 F3d 1068, 1076 (9th Cir 2005).

Page 3 -   Defendant's Motion to Dismiss Plaintiff's First Claim for Relief

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

in the complaint and construe them in the light most favorable to the nonmoving party, the court need not credit the plaintiff's legal conclusions. *Wilson v. Hewlett-Packard Co.*, 668 F3d 1136, 1140 (9th Cir 2012); *Ashcroft v. Iqbal*, 556 US 662, 679, 129 S Ct 1937, 173 L Ed 2d 868 (2009).  Regarding FLSA claims, plaintiffs must plead sufficient facts to raise the plausibility that the employer failed to pay overtime in accordance with the FLSA. *Landers v. Quality Commc'ns, Inc.*, 771 F3d 638, 646 (9th Cir 2014).

    **B.**    **FLSA overtime.**

The FLSA requires employers to pay employees at a rate of time and one-half the regular rate for hours worked in excess of 40 in a workweek.  29 USC § 207(a)(1).  An employer that violates Section 207 is liable to the employee for the "unpaid overtime compensation" and may be liable for liquidated damages.  29 USC § 216(b).  The FLSA does not explicitly require employers to pay overtime compensation on a particular day.  But the Ninth Circuit has recognized an implicit obligation to pay overtime compensation on an established regular payday. *Biggs v. Wilson*, 1 F3d 1537, 1544 (9th Cir 1993); *see also* 29 CFR § 778.106 (overtime should be paid on the "regular pay day" established for the pay period in which overtime hours are worked).  The FLSA does not prohibit an employer from establishing different "regular paydays" for different types of pay. *See, e.g.*, *Vazquez v. TWC Admin. LLC, et al.*, 254 F Supp 3d 1220, 1231-32 (CD Cal May 4, 2015) (approving employer's established practice of paying commissions and bonuses and related overtime on a different payday than the regular wages payday).

Page 4 -    Defendant's Motion to Dismiss Plaintiff's First Claim for Relief

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

IV.  ARGUMENT

    A.  **Plaintiff fails to state a claim under the FLSA because the FLSA does not prohibit employers from having different regular paydays for different types of pay.**

Plaintiff concedes that Cascade does not owe him or any other employee unpaid overtime, and he does not seek payment of overtime.  *See* Am. Compl., ¶¶ 5, 11.

Rather, plaintiff asserts that Cascade's practice of paying overtime wages on the regular payday after the pay period in which the overtime hours were worked is a technical violation of the FLSA.  Am. Compl., ¶ 5.  He seeks liquidated damages for this alleged technical violation.  Am. Compl., ¶ 11.

But it is undisputed that Cascade paid all overtime due to plaintiff and similarly situated employees on the regular payday that Cascade established for the payment of overtime wages.  Indeed, plaintiff admits that Cascade "systematically paid" its workers on that day.  Am. Compl., ¶ 5.  No authority prohibits an employer from establishing a separate regular payday for overtime or any other type of pay, which makes sense because the FLSA does not impose particular pay schedules on employers.  *See* 29 USC §§ 206, 207.  Consequently, plaintiff fails to state a cognizable claim that Cascade improperly paid overtime under the FLSA.  *Landers*, 771 F3d at 644 ("conclusory allegations that merely recite the statutory language" are inadequate).

    B.  **Cascade's overtime pay practice is reasonable as a matter of law.**

The Department of Labor has explained that employers can delay overtime pay when "reasonably necessary" to compute and arrange for payment "as soon after the regular pay period as is practicable."  29 CFR § 778.106; *see also, e.g.*, *Nolan v. City of Chicago*, 162 F Supp 2d 999, 1005 (ND Ill Sept. 6, 2001) (holding that employer's delay for reasonable processing

Page 5 -   Defendant's Motion to Dismiss Plaintiff's First Claim for Relief

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

time to compute overtime wages was lawful).  Courts have the power to decide whether an employer's pay practice is reasonable as a matter of law.  *See, e.g.*, *Parker v. City of New York*, No. 04-cv-4476(BSJ)(DCF), 2008 WL 2066443, at *12 (SDNY May 13, 2008) (holding that paying overtime on the following pay period's paycheck was reasonable despite plaintiff's "theoretical alternative[]" methods); *cf. Sams v. Yahoo! Inc.*, 713 F3d 1175, 1181 (9th Cir 2013) (dismissing complaint because defendant acted "objectively reasonabl[y] as a matter of law" in its good faith reliance on the validity of a subpoena).

        Here, plaintiff makes no allegation that Cascade's pay practice was unreasonable.  Indeed, he cannot do so because Cascade's practice is objectively reasonable as a matter of law.  It is entirely consistent with the FLSA and cases applying it.[3]  *See, e.g.*, *Parker*, 2008 WL 2066443.  Cascade issues paychecks for regular pay on the last day of the pay period, which leaves no time to compute and include overtime pay on the same paycheck.  Thus, Cascade reasonably established a regular payday for overtime as soon as is practicable.  Plaintiff contends that Cascade could have "correctly compute[d]" some amount of overtime pay as of the current pay period, but he does not allege that Cascade's overtime payday is unreasonable given its practice.  Am. Compl. ¶ 5.  And, as the *Parker* court recognized, theoretical alternatives to an

---

[3] Plaintiff will likely cite a case in which the court found a company's pay practice unreasonable, but the practice in that case is readily distinguishable from Cascade's practice.  For instance, in *Speer v. Cerner Corp.*, No. 14-0204-cv-W-FJG, 2017 WL 1036135, at *2 (WD Mo Mar. 17, 2017), the court examined an employer's practice of paying regular wages earned in weeks 1 and 2 at the end of week 3, and wages earned in weeks 3 and 4 at the end of week 5.  Overtime earned in weeks 1 and 2 was paid on the paycheck in week 5, despite a delay between the last day of the pay period and payday.  *Id.*  Unlike in *Speer* (which is, of course, not binding on this Court), Cascade has no delay between the last day of the pay period and payday; Cascade pays regular wages on the final day of each pay period.  *See* Am. Compl., ¶ 5.  Accordingly, Cascade reasonably computes overtime following the last day of the pay period and pays employees on its established payday for overtime.

Page 6 -   Defendant's Motion to Dismiss Plaintiff's First Claim for Relief

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

employer's pay practice are insufficient to rule it unlawful. *Parker*, 2008 WL 2066443, at *12. Thus, plaintiff's allegations cannot support a finding that Cascade's pay practice is a violation of the FLSA sufficient to recover liquidated damages.

In sum, plaintiff's conclusory allegations about Cascade's policies without any plausible allegation that its practice is unreasonable fail to state a claim under the FLSA. *Landers*, 771 F3d at 645-46 (dismissing unpaid overtime claim for asserting only generalized allegations about the employer's "compensation system"). Accordingly, plaintiff's First Claim for Relief should be dismissed.

## V. CONCLUSION

As set forth above, plaintiff does not and cannot assert a viable claim for failure to pay overtime wages against Cascade under the FLSA. Therefore, Cascade respectfully requests that this Court enter an order dismissing plaintiff's First Claim for Relief with prejudice.

DATED this 27th day of February, 2020.

MILLER NASH GRAHAM & DUNN LLP

*s/ Thomas C. Sand*
Thomas C. Sand, OSB No. 773322
tom.sand@millernash.com
Erin M. Burris, OSB No. 155379
erin.burris@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

Attorneys for Defendant Cascade Corporation

4826-8878-0214.1

Page 7 -   Defendant's Motion to Dismiss Plaintiff's First Claim for Relief

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204