UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JORY MERRITT, and all similarly situated employees,

        Plaintiff,

   v.

CASCADE CORPORATION, an Oregon corporation,

        Defendant.

Case No. 3:19-cv-01695-YY

OPINION AND ORDER

Plaintiff Jory Merritt has brought a putative class action suit against his former employer, defendant Cascade Corporation ("Cascade"), alleging violations of the Fair Labor Standards Act ("FLSA") and O.R.S. 652.150 for untimely payment of overtime wages. Defendant has filed a motion to dismiss the FLSA claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss First Claim, ECF #14. The motion is denied for the reasons explained below.

The FLSA provides that "no employer shall employ any of [its] employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An employer who violates this

provision is liable for liquidated damages in an amount equal to the unpaid overtime compensation. 29 U.S.C. § 216(b).

The FLSA does not state when the overtime wages must be paid. However, the Ninth Circuit's decision in *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993), is authoritative. There, the court examined an FLSA violation stemming from an employer's failure to pay minimum wages for 14 to 15 days after the employees' regular payday. The court concluded that, because the FLSA provides for liquidated damages, "[u]nless there is a due date after which minimum wages become unpaid, imposing liability for both unpaid . . . wages and liquidated damages would be meaningless." *Id.* at 1539. "The statute must therefore contemplate a time at which [it] is violated, or, put another way, when minimum wages become 'unpaid.'" *Id.* "The only logical point that wages become 'unpaid' is when they are not paid at the time work has been done, the minimum wage is due, and wages are ordinarily paid—on payday." *Id.* at 1539-40. The court pointed to the interpretive bulletin of the Department of Labor, specifically 29 C.F.R. § 778.106, which "requires that overtime compensation be paid on the employee's regular payday."[1] *Id.* at 1543. The court found, "[i]f overtime wages must be paid in cash or negotiable instruments on the employee's regular payday, then certainly the minimum wage must also be paid on the employee's regular payday." *Id.* at 1543.

---

[1] "Because § 778.106 is an interpretative bulletin, it does not command formal deference from this Court." *Worley v. City of New York*, 17 Civ. 4337 (LGS), 2020 WL 730326, at *9 n.3 (Feb. 12, 2020 S.D.N.Y.) (citing *Batterton v. Francis*, 432 U.S. 416, 425 n.9 (1977); *Reich v. Newspapers of New England, Inc.*, 44 F.3d 1060, 1070 (1st Cir. 1995); *Reich v. Interstate Brands Corp.*, 57 F.3d 574, 577 (7th Cir. 1995)). "Nevertheless, the Secretary's interpretations have the 'power to persuade, if lacking power to control,' as they 'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.'" *Id.* (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)); *see also Rogers v. City of Troy*, 148 F.3d 52, 55 (2d Cir. 1998) "Because the statute does not explicitly address the prompt payment requirement, . . . the statute is ambiguous. It is, therefore, appropriate to consider the views of the administrative agency charged with the law's enforcement.").

2 – OPINION AND ORDER

Indeed, 29 C.F.R. § 778.106 states the "general rule" is that overtime compensation will be paid on the employee's regular payday:

> There is no requirement in the Act that overtime compensation be paid weekly. The general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends. When the correct amount of overtime compensation cannot be determined until some time after the regular pay period, however, the requirements of the Act will be satisfied if the employer pays the excess overtime compensation as soon after the regular pay period as is practicable. Payment may not be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made. Where retroactive wage increases are made, retroactive overtime compensation is due at the time the increase is paid, as discussed in § 778.303. For a discussion of overtime payments due because of increases by way of bonuses, see § 778.209.

Other courts have similarly held that the FLSA "plainly contemplates that overtime compensation shall be paid in the course of employment and not accumulated beyond the regular pay day." *Rigopoulos v. Kervan*, 140 F.2d 506, 507 (2d Cir. 1943); *Nolan v. City of Chicago*, 162 F. Supp. 2d 999, 1004 (N.D. Ill. 2001) ("The Wage and Hour Division expects overtime to be computed and paid on a pay period by pay period basis unless it is impractical to do so. This principle has been recognized by the courts."); *Mullins v. Howard County, Md.*, 730 F. Supp. 667, 670 (D. Md. 1990) (interpreting 29 C.F.R. § 788.106 to state that "if the amount of overtime compensation can be readily determined, it should be provided on the next regularly scheduled payday").

Here, Cascade does not pay its employees their overtime compensation until the payday for the following pay period. Cascade argues it "issues paychecks for regular pay on the last day of the pay period, which leaves no time to compute and include overtime pay on the same paycheck." Mot. Dismiss First Claim 6. Cascade contends it "reasonably established a regular

payday for overtime as soon as is practicable," *id.*, and asks the court to find its actions are reasonable as a matter of law. *Id.* at 5.

However, it is clear that the FLSA requires overtime wages to be paid on the regular payday. Only "[w]hen the correct amount of overtime cannot be determined until some time after the regular pay period" is an employer allowed to pay it employees "as soon after the regular pay period as practicable."[2] 29 C.F.R. § 778.106. Thus, there are factual questions regarding whether the overtime compensation for Cascade's employees "cannot be determined until some time after the regular pay period" and if so, whether Cascade paid its employees "as soon after the regular pay period as practicable." 29 C.F.R. § 799.106; *see, e.g., Worley v. City of New York*, 17 Civ. 4337 (LGS), 2020 WL 730326, at *9 (Feb. 12, 2020 S.D.N.Y.) (denying summary judgment for the employer on "Plaintiffs' Prompt Payment Claim because a triable issue exists as to the cause of the improper delay"). This depends on facts such as how many employees Cascade has, how quickly overtime is reported by the employees, and how payroll is calculated, as well as other information. *See Parker v. City of New York*, 04 CV 4476 BSJDCF, 2008 WL 2066443, at *11 (S.D.N.Y. May 13, 2008) (examining number of employees, when overtime was submitted to timekeepers, and when regular paychecks were printed in determining whether overtime compensation could not be included in the paycheck covering that pay period).

Moreover, in evaluating a Rule 12(b)(6) motion to dismiss, the factual allegations must be construed in the light most favorable to plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Here, the First Amended Complaint alleges:

---

[2] *See Parker v. City of New York*, 04 CV 4476 BSJDCF, 2008 WL 2066443, at *12 (S.D.N.Y. May 13, 2008) ("[P]racticability necessarily requires consideration of the reasonableness of any technically possible option.").

>   A representative example is that Plaintiff's overtime premium pay earned during
>   the workweek of March 3-9, 2019, with a next regular paydate of March 15, 2019
>   -- was not paid to Plaintiff until two weeks later on March 29, 2019, despite the
>   fact that Defendant was able to correctly compute the amount of overtime wages
>   owed to Plaintiff for that workweek, and arrange for payment of that amount due,
>   prior to the next regular paydate of March 15, 2019.

First Am. Compl. ¶ 5. Based on these allegations, the court cannot conclude, as a matter of law, that Cascade acted reasonably in failing to include overtime compensation for the workweek of March 3 through 9 in the March 15, 2019 paycheck, which was issued almost a week later.

In sum, plaintiff has stated a plausible claim for relief under the FLSA, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and Cascade is not entitled to prevail as a matter of law. Accordingly, Cascade's motion to dismiss is denied.

## CONCLUSION

Defendant's Motion to Dismiss First Claim for Relief (ECF #14) is DENIED.

IT IS SO ORDERED.

DATED  December 3, 2020.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge